IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARELLE FORTNER, AIS # 268847, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-176-RAH |
| | ) | [WO] |
| WARDEN HEADLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **<u>ORDER</u>**

Plaintiff Darelle Fortner, an inmate proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983. (*See* docs. 1 & 2.) On March 30, 2026, the Court issued an Order directing Plaintiff to either pay the $405.00 filing and administrative fees or file an application for leave to proceed *in forma pauperis* no later than April 13, 2026. (Doc. 3.) The Court specifically cautioned Plaintiff that his failure to comply could, without further notice, result in dismissal of this action for failure to prosecute and comply with an order of the Court. (*Id*. at 2.) Nevertheless, the imposed deadline has passed, and Plaintiff has failed to either pay the requisite fees or file an *in forma pauperis* application as directed.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *petition for cert. filed*, No. 25-808 (U.S. Jan. 9, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30

(1962) (finding this authority "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts"); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion" (citations omitted)).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the Court's Order of March 30, 2026 (doc. 3) and this case cannot proceed without payment of the requisite fees or the granting of *in forma pauperis* status, the Court concludes that this action is due to be dismissed without prejudice and that no lesser sanction would be effective.

Accordingly, for the reasons set forth above, it is **ORDERED** that this case is **DISMISSED** without prejudice.

Final Judgment will be entered separately.

DONE, on this the 27th day of April 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

2